NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILCA AROSTEGUI,

                Plaintiff,

v.

ESTER PLOTZKER *et al.*,

                Defendants.

Civil Action No. 13-06528 (SRC)

**OPINION**

**CHESLER**, District Judge

    This action, originally filed by Plaintiff Milca Arostegui ("Plaintiff") in the Superior Court of New Jersey, Essex County, seeks damages for injuries allegedly sustained in a 2011 car accident. (First Am. Compl. ¶¶ 3-7.) Plaintiff's First Amended Complaint names a number of Defendants, including Brian T. Strommer ("Strommer"), an employee of the Federal Bureau of Investigation ("FBI"). (First Am. Compl. ¶¶ 5, 7.) Pursuant to the Federal Tort Claims Act ("FTCA"), specifically 28 U.S.C. § 2679(d)(2),[1] the United States of America (the "United States" or "Government") removed the Complaint to this Court and substituted itself as a Defendant in place of Strommer. (Notice of Removal ¶ 6.) The Government now moves to

---

[1] Section 2679(d)(2) provides that upon the Attorney General's certification that a federal employee was acting within "the scope of his office or employment" at the time of the incident giving rise to the lawsuit, such lawsuit (1) "shall be removed" from state to federal court; (2) "shall be deemed to be an action . . . brought against the United States"; and (3) shall have the United States substituted "as the party defendant," instead of the federal employee. For removal purposes, at least, the Attorney General's certification "shall conclusively establish scope of office or employment . . . ." See id. The scope certification filed in this case states that Strommer "was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint." (See Notice of Removal, Ex. B.)

dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket Entry 2.] Plaintiff opposes, as well as cross-moves to "strike the substitution of [the] United States" for Strommer. [Docket Entry 4.][2]

This motion is procedurally governed by Rule 12(b)(1). A Rule 12(b)(1) motion challenges a federal court's subject matter jurisdiction over a given suit. Where, as is the case here, the motion is "factual" –*i.e.*, it ventures outside the pleadings and challenges the facts underpinning the Court's jurisdiction – the Court is "entitled to consider and weigh evidence outside the pleading and properly place[] the burden of establishing jurisdiction on" the plaintiff. See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). When faced with a factual 12(b)(1) challenge, the Court shall not accord any "presumption of truthfulness" to plaintiff's allegations, and shall "place[] the burden of proving subject matter jurisdiction on the plaintiff." See CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A court "must dismiss" an action once subject matter jurisdiction is found wanting. See Fed. R. Civ. P. 12(h)(3).

The FTCA supplies the substantive principles. The FTCA "operates as a limited waiver of the United States's sovereign immunity" and provides District Courts with exclusive jurisdiction over lawsuits for money damages for injuries caused by the negligence of federal employees "acting within the scope of [their] . . . employment . . . ." See White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010) (quoting 28 U.S.C. § 1346(b)(1)). Title 28, Chapter 171 governs FTCA tort claim procedures, see 28 U.S.C. §§ 2671-2680, and like all other

---

[2] Plaintiff has also moved for leave of Court to file a Reply Memorandum in Support of Its Cross Motion to Strike the United States as Substituted Defendant; Plaintiff filed a so named brief contemporaneously with the motion. [Docket Entry 7.] Insofar as the Court has reviewed this brief and considered the arguments presented therein, the Court will deem Plaintiff's motion granted.

2

parts of the Act, its provisions must be "strictly construed." See White-Squire, 592 F.3d at 456 (quoting Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989)).

The Government moves to dismiss for Plaintiff's failure to comply with § 2675, which "mandates that an FTCA action 'shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency'" and had his claim denied. See id. at 457 (quoting § 2675(a)). In point of fact, it is undisputed that Plaintiff failed to file the necessary administrative claim with the FBI before suing Strommer for money damages. (See Opp. Br. at 2.) The FTCA's so-called "presentation" requirement is a jurisdictional prerequisite for maintaining a suit in this Court. Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). It would thus appear at first blush that this Court lacks a basis for subject matter jurisdiction due to Plaintiff's failure to satisfy § 2675(a), and dismissal of Plaintiff's suit against the Government is necessary.

Plaintiff, however, challenges the Government's motion to dismiss by arguing that the United States was improperly substituted as a Defendant. Specifically, Plaintiff argues that Strommer might not have been acting within the scope of his employment at the time of the accident. (Opp. Br. at 5.) Where a Plaintiff – albeit equivocally – challenges the propriety of the United States's substitution as a Defendant in an FTCA case, the scope of employment certification filed by the Government in support of removal is "*prima facie* evidence" that Strommer's conduct "occurred within the scope of his employment" with the FBI. See, e.g., Schrob v. Catterson, 967 F.2d 929, 934, 936 (3d Cir. 1992). It is Plaintiff's burden to "com[e] forward with specific facts rebutting [the Government's scope certification]." See id.

Plaintiff attempts to carry this burden by relying on what she calls "known facts" about

3

Strommer at the time of the car accident – namely, that Strommer failed to state at the accident scene that he worked for the FBI and that Strommer told the police he owned the car he was driving (when in fact it was an FBI vehicle). (Opp. Br. at 6-7.) Plaintiff asserts that, in light of these facts, Strommer was operating outside of the scope of his employment with the FBI when he was involved in the 2011 accident. See, e.g., Davis v. Devereux Found., 37 A.3d 469, 490 (N.J. 2012) ("an employee's act is outside the scope of his or her employment 'if it is different in kind from that authorized, or beyond the authorized time or space limits, or too little actuated by a purpose to serve the master" (quoting Restatement (Second) of Agency § 228(2))).[3] As the Government correctly argues, however, Plaintiffs "known facts" are by and large irrelevant – indeed, these "facts" are merely examples of information that Plaintiff did not know about Strommer at the time of the accident. (See Reply Br. at 8.) Plaintiffs "facts" say little or nothing about what was motivating Strommer's drive up the Garden State Parkway at the time of the accident, the critical inquiry under New Jersey's law of *respondeat superior*, and thus this Court's scope of employment analysis. See Di Cosala v. Kay, 450 A.2d 508, 513 (N.J. 1982) (considering conduct to be within "the scope of employment" where "it is actuated, at least in part, by a purpose to serve the master"). Without more, Plaintiff's facts are insufficient to overcome the *prima facie* evidentiary weight the Court must give the § 2672(d)(2) scope certification filed by the Government in this case.

Plaintiff's inability to carry its burden is enough, in and of itself, to justify granting the Government's motion: the Court must accept the Government's certification that Strommer was within the scope of his employment at the time of the accident, which renders the United States

---

[3] New Jersey's principles of *respondeat superior* govern in this case, because the question of whether a federal employee was acting within the scope of his employment is answered by "the law of the place where the act or omission occurred." See Schrob, 967 F.2d at 934 (citing 28 U.S.C. § 1346(b)).

the proper Defendant under the FTCA. It follows that Plaintiff's failure to first present her claim in writing to the FBI robs the Court of subject matter jurisdiction over a suit against the Government here. See Deutsch, 67 F.3d at 1091. The Court's conclusion, however, is bolstered by the affidavit evidence submitted by the Government in response to Plaintiff's motion to strike the substitution, which indicates Strommer was, for the purposes of New Jersey law, indeed acting within the scope of his employment with the FBI at the time of the accident. In particular, the FBI's accident report, created shortly after the 2011 incident, reveals that Strommer was driving an FBI vehicle "on official business" while returning from a temporary assignment in Washington, D.C. (See Anger Decl., Ex. B, at 2, 5.) Thus, this case does not appear to fall within the ambit of New Jersey's "going and coming" rule, which states that "an employee who is driving his or her own personal vehicle" to work "is not within the scope of employment" for vicarious liability purposes. Carter v. Reynolds, 815 A.2d 460, 466 (N.J. 2003). The Carter Court found that "ordinary commuting is beyond the scope of employment because of the absence of control and benefit [to the employer]." Id. at 468. This Court is convinced that returning to permanent duty from a temporary assignment – while driving a car owned by your employer to accomplish that task – is conduct far removed from the "ordinary commute" the New Jersey Supreme Court was contemplating in Carter.[4]

Plaintiff's final argument invokes the extraordinary remedy of equitable tolling. (See Opp. Br. at 9.) Equitable tolling, however, is a doctrine used to "rescue a claim otherwise barred

---

[4] In light of these facts, the Court rejects Plaintiff's request for either limited discovery as to the scope of Strommer's employment or an evidentiary hearing on that issue. (See Plf.'s Reply Br. at 5.) Such requests are only every granted "where there is a 'genuine issue of fact material to the scope of employment question.'" See Borawski v. Henderson, 265 F. Supp. 2d 475, 482 (D.N.J. 2003) (quoting Schrob, 967 F.2d at 936). The Court is skeptical than a reasonable fact finder could conclude, based on the current record – and in particular the dearth of relevant evidence proffered by Plaintiff – that Strommer was acting outside the scope of his employ at the time of the accident.

5

as untimely by a statute of limitations . . . ." See Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009). It therefore has no application to this case, which under the Westfall Act will remain timely for sixty days following the Court's dismissal of Plaintiff's lawsuit against the United States. See 28 U.S.C. § 2679(d)(5) (creating sixty-day window to present claim to "appropriate federal agency" to FTCA plaintiff whose case has been dismissed for failure to follow § 2675(a) presentation requirements). It would be peculiar indeed to resort to equitable tolling in a case that will remain timely so long as Plaintiff files her claim with the FBI in the next two months.

The principal cases Plaintiff cites, Santos, 559 F.3d 189, and Streeper v. United States, No. 87-2675, 1988 WL 71316 (E.D. Pa. July 1, 1988), do not state otherwise. Santos was a case in which it was not disputed that "the FTCA's savings clause [did] not apply to [plaintiff's] claim"; the Third Circuit was thus compelled to turn to equitable tolling to rescue an otherwise untimely suit. See 559 F.3d at 194. Streeper, on the other hand, was abrogated when the Westfall Act was passed in 1988. Streeper relied on the proposition that "the government, [by hiding the true identity of a federal employee sued in tort,] could mislead a plaintiff until the time for filing an administrative claim [under the FTCA] has passed, [thus] leaving the plaintiff without any remedy." 1988 WL 71316, at *3. But such "sandbagging," see id., has been rendered impossible by § 2679(d)(5), which excuses a plaintiff's ignorance as to the Government's status as the true party in interest, so long as the suit against the federal employee was filed within two years of its accrual. Even if Streeper still had some relevance, the case is highly distinguishable – the delay in that case was caused in large part by the employee's decision not to tell the government about the accident that precipitated the lawsuit. 1988 WL

6

71316, at *5. Here, Strommer immediately reported the 2011 accident to the FBI, and alerted the Government shortly after being sued by Plaintiff in state court. (See Def.'s Reply Br. at 9; Anger Decl. Ex. C.) The rationale underpinning Streeper – that it would be unfair to punish a plaintiff for the Government's dilatoriness – thus has no application to these facts.

Having determined that the suit against the United States must be dismissed for lack of subject matter jurisdiction, all that remains before the Court is a state law negligence case between non-diverse parties without a federal jurisdictional hook. In this circumstance – where the claim against the federal Defendant is dismissed for failure to comply with the FTCA's jurisdictional requirements and only state law claims remain – courts in this District routinely decline to exercise supplemental jurisdiction and remand the action pursuant to 28 U.S.C. § 1367(c)(3). See, e.g., Robel v. D'Emilia, No. 12-0716 (NLH), 2012 3066579, at *3 (D.N.J., July 27, 2012); Bender v. HUD, No. 09-5599 (RMB), 2010 WL 605741, at *2 (D.N.J. Feb. 19, 2010). Thus, pursuant to § 1367 and United Mine Workers v. Gibbs, 383 U.S. 715 (1966), remand to the Superior Court of New Jersey, Essex County is appropriate.

The Complaint will therefore be dismissed as to the United States and the case remanded to the Superior Court of New Jersey, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1367(c)(3). An appropriate Order accompanies this Opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: January 29th, 2014